MANUEL PÉREZ PÉREZ, peticionario, *v.* TRIBUNAL DE APELACIÓN DE CONTRIBUCIONES, ETC., demandado.

Núm. 1332.—*Sometido:* Julio 15, 1942. *Resuelto:* Noviembre 9, 1942.

*J. J. Ortiz Alibrán,* abogado del recurrente; *Hon. Procurador General George A. Malcolm, M. Rodríguez Ramos, Procurador General Auxiliar y Eulogio Riera, Subprocurador Auxiliar,* abogados del Tesorero Insular, opositor.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El presente es un recurso de *certiorari* interpuesto de acuerdo con la Ley número 172 de 1941 ((1) pág. 1039).

Los hechos en que se basa son similares a los del de *Julia Blanco Géigel* v. *Tribunal de Apelación de Contribuciones,* ante, pág. 23 que acabamos de resolver.

Se distingue del mismo, sin embargo, en que el pago bajo protesta de la contribución se hizo no mientras el asunto estaba pendiente ante el Tribunal de Apelación de Contribuciones, sino después de haberse resuelto por dicho tribunal en contra del contribuyente.

¿Influye esa distinción en el carácter del pago? ¿Fué el pago hecho bajo esas circunstancias compulsorio o voluntario?

Veamos cuál era la situación del contribuyente una vez que su caso fué decidido por el Tribunal de Apelación de Contribuciones.

De acuerdo con la ley creadora de dicho tribunal, la número 172 de 1941, página 1039, sección 5, podía aún re-

currir para ante esta Corte Suprema, pero el auto que pudiera expedirse para revisar su reclamación, según los términos expresos de la ley, "no tendrá el efecto de suspender la ejecución de la decisión dictada" por el Tribunal de Apelación de Contribuciones, "la cual será efectiva desde luego, hasta tanto recaiga decisión final confirmándola o modificándola."

Siendo ello así, claro es que el medio que tenía el contribuyente para impedir que el Tesorero hiciera efectiva la contribución por embargo y venta de sus bienes, era pagarla bajo protesta. Su actuación no tiene, pues, el carácter de voluntaria. Lo fué bajo compulsión legal.

En resumen diremos que tratándose en este caso de una resolución administrativa y no de una deficiencia, el contribuyente pudo presentar su certiorari ante esta corte sin necesidad de acompañar el recibo del pago de la contribución bajo protesta, y que el hecho del pago bajo protesta de dicha contribución después de resuelto el caso en contra del contribuyente por el Tribunal de Apelación de Contribuciones, antes o después de interpuesto el certiorari, no es voluntario sino bajo compulsión legal, no pudiendo por tanto interpretarse como un abandono del recurso.

█ Y habiéndose llegado a esas conclusiones, bastará agregar que el recurso procede porque las cuestiones envueltas en el mismo son sustancialmente iguales a las estudiadas y resueltas en el caso de *Ballester* v. *Tribunal de Apelación de Contribuciones,* 60 D.P.R. 768.

*En tal virtud, de acuerdo con los hechos y la ley y por los razonamientos contenidos en la opinión de esta corte en Ballester, supra, la decisión del Tribunal de Apelación de Contribuciones será revocada y el caso devuelto a dicho tribunal para ulteriores procedimientos no inconsistentes con la indicada opinión.*